**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| **JESSE JAY LANKFORD, and SOPHIE MUSSER,** | **RULING & ORDER** |
| **Plaintiffs,** | **Case No. 2:26-cv-00115** |
| **vs.** | **District Court Judge Robert J. Shelby** |
| **CITY OF PARK CITY, JAMES FOUST, BRANDON SMALLING, WADE CARPENTER, CRAIG PIATTI, and ALL SEASONS RESORT LODGING** | **Magistrate Judge Dustin B. Pead** |
| **Defendants.** | |

## BACKGROUND

This matter is before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Robert J. Shelby.[1]

Pro se Plaintiffs Jesse Jay Lankford ("Mr. Lankford") and Sophie Musser ("Ms. Musser") (collectively "Plaintiffs") proceed in forma pauperis under 28 U.S.C. § 1915.[2] Plaintiffs initiated this action on February 9, 2026 and, pursuant to court order, filed an Amended Complaint on February 27, 2026.[3]

On April 13, 2026, Defendants City of Park City, James Foust, Brandon Smalling and Wade Carpenter ("collectively, Park City Defendants") filed their pending motion to dismiss the

---

[1] ECF No. 11, Notice of Non-Consent.

[2] ECF No. 12, Order Granting Motion For Leave To Proceed In Forma Pauperis; *see* 28 U.S.C. § 1983.

[3] ECF No. 1, Complaint; ECF No. 10, Amended Complaint.

Amended Complaint.[4] Two days later, on April 15, 2026, Defendant Craig Piatti ("Mr. Piatti") filed his own motion to dismiss.[5] Thereafter, Plaintiffs motioned the court for leave to file a second amended complaint on April 30, 2026.[6]

On May 11, 2026, Defendant All Season Resort Lodging ("All Seasons") filed an Answer to the Amended Complaint.[7]

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a)(1) Plaintiffs may amend their pleading "once as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[8] Rule 15 guarantees Plaintiffs "an absolute right to that amendment."[9] Further, because the rule is "organized substantively, not chronologically" it "does not prescribe any particular sequence of the exercise of its provisions."[10]

---

[4] ECF No. 35, Park City Defendants' Motion to Dismiss.

[5] ECF No. 43, Craig Piatti's Motion to Dismiss.

[6] ECF No. 50, Plaintiffs' Motion for Leave to File Second Amended Complaint. On May 18, 2026, Plaintiffs filed a "Corrected" Motion for Leave to File Second Amended Complaint to address formatting issues. *See* ECF No. 56, Plaintiffs' Motion for Leave to File Corrected Second Amended Complaint.

ECF No. 56, Plaintiffs' Corrected Motion for Leave to File Second Amended Complaint.

[7] ECF No. 52, All Season Resort Answer to Amended Complaint.

[8] Fed. R. Civ. P. 15(a)(1).

[9] *American Bush v. City of Salt Lake,* 42 F. App'x. 308, 310 (10th Cir. 2002) (unpublished).

[10] *Nuclear Watch New Mexico v. U.S. Department of Energy,* 2018 U.S. Dit. LEXIS 116716, at *23 (D.N.M. July 12, 2018) (quoting *Ramirez v. County of San Bernardino,* 806 F. 3d 1002, 1007 (9th Cir. 2015) (internal quotation marks omitted)).

Here, Plaintiffs filed their initial complaint on February 9, 2026.[11] After screening the complaint under 28 U.S.C. § 1915, the court ordered Plaintiffs to file an Amended Complaint addressing deficiencies the court identified in Plaintiffs' original pleading .[12] As ordered by the court, Plaintiffs filed an Amended Complaint on February 27, 2026.[13] All Defendants were served, and Park City Defendants filed a motion to dismiss on April 13, 2026.[14] Two days later, on April 15, 2026, Mr. Piatti filed a motion to dismiss and on May 11, 2026 All Seasons Resort filed an answer to the Amended Complaint.[15]

On April 30, 2026, within 21 days of Defendants filing their motions to dismiss, Plaintiffs filed a Motion for Leave to File Second Amended Complaint.[16] Despite motioning for leave to do so, Plaintiffs had the right to amend their complaint within 21 days of service of Defendants' motion for dismissal and did not need to obtain Defendants' consent or leave of the court. Rather, Plaintiffs' Second Amended Complaint is actually Plaintiffs' first amended

---

[11] ECF No. 1, Complaint.

[12] ECF No. 9, Ruling and Order (requiring Plaintiffs to cure deficiencies identified in the original complaint).

[13] ECF No. 10, Amended Complaint.

[14] ECF No. 21, Summons Returned Executed as to All Seasons; ECF No. 22, Summons Returned Executed as to Wade Carpenter; ECF No. 23, Summons Returned Executed as to City of Park City; ECF No. 24, Summons Returned Executed as to Brandon Smalling; ECF No. 25, Summons Returned Executed as to James Foust; ECF No. 26, Summons Returned Executed as to Craig Piatti; ECF No. 35, Park City Defendants' Motion to Dismiss.

[15] ECF No. 43, Craig Piatti's Motion to Dismiss; ECF No. 52, All Seasons Resort's Answer to Amended Complaint.

[16] ECF No. 50, Plaintiffs' Motion for Leave to File Second Amended Complaint. On May 18, 2026, Plaintiffs filed a "Corrected" Motion for Leave to File Second Amended Complaint to address formatting and organizational issues. *See* ECF No. 56, Plaintiffs' Motion for Leave to File Corrected Second Amended Complaint.

pleading to be filed "as a matter of course."[17] Indeed, because Plaintiffs' Amended Complaint was filed in response to a Court order requiring Plaintiffs to cure deficiencies, the Amended Complaint was not filed "as a matter of course" within the meaning of Federal Rule of Civil Procedure 15.[18]

For these reasons, the court concludes that Plaintiffs' Second Amended Complaint is adopted "as a matter of course" as the operative complaint and that it supersedes Plaintiffs' Amended Complaint.[19] Accordingly, the pending motions to dismiss filed by Park City Defendants and Mr. Piatti are moot. Those motions were directed at claims in Plaintiffs' Amended Complaint, which is no longer the operative pleading.

## ORDER

For the reasons stated above, Plaintiffs shall place a copy of their Corrected Second Amended Complaint on the court docket within 5 days from the date of this Order.[20] This shall constitute service of the Second Amended Complaint on all Defendants.[21] Defendants may file responses or new motions to dismiss the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure. The court directs the Clerk of Court to terminate Park City

---

[17] Fed. R. Civ. P. 15(a)(1).

[18] *Bolognia v. Target Corp.,* 2025 U.S. Dist. LEXIS 224403, at *10-11 (W.D. Okla. Nov. 14, 2025) (holding first amended complaint was filed in response to a court order to cure deficiencies in the original complaint, and therefore was not filed "as a matter of course" under Rule 15).

[19] Fed. R. Civ. P. 15(a)(1). *See Franklin v. Kansas Department of Corrections,* 160 Fed. Appx. 730, 734 (10th Cir. 2005) (citation omitted) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.").

[20] ECF No. 56-1, Plaintiffs' Corrected Second Amended Complaint.

[21] Fed. R. Civ. P. 5(b)(2)(E); *see also* Fed. R. Civ. P. 5(d)(1)(B).

Defendants and Mr. Piatti's motions to dismiss as moot.[22] Additionally, for the reasons stated, Plaintiffs' Motion for Leave to File Second Amended Complaint and Plaintiffs' Corrected Motion for Leave to File Second Amended Complaint are granted.[23]

DATED:  June 1, 2026.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[22] ECF No. 35, Park City Defendants' Motion to Dismiss; ECF No. 43, Craig Piatti's Motion to Dismiss.

[23] ECF No. 50, Plaintiffs' Motion for Leave to File Second Amended Complaint; ECF No. 56, Plaintiffs' Corrected Motion for Leave to File Second Amended Complaint.